(Decided Dec. 15th, 1863.)

---

GUSTAVUS JONES AND WIFE & OTHERS, *vs.* THOMAS G. PLUMMER.

CONVERSION OF REALTY INTO PERSONALTY: HUSBAND AND WIFE.—A married woman, entitled to a distributive share of the proceeds of sale of real estate sold under a decree of a Court of Equity, for partition, after final ratification of the sale, a compliance with the terms of sale by the purchaser and the filing of the auditor's report and account, died intestate and without issue, leaving her husband surviving her. HELD:

That the conversion into personalty was complete, and that the surviving husband was entitled to the wife's distributive share of the proceeds of sale.

APPEAL from the Equity side of the Circuit Court for Montgomery County :

The appeal in this case is taken from the following order of the Circuit Court for Montgomery County, sitting in equity, (BREWER, J.,) passed on the 11th of March 1859, directing the payment to William T. Sellman, the surviving husband of Ann Virginia Sellman, of his deceased wife's share of the proceeds of sale of the real estate of her father, William Plummer, deceased.

"The proceeding in this case is for partition, not for a more profitable investment. The sale is the alternative where the property cannot be advantageously divided. The

change from real to personal estate takes place, according to all the authorities, when the sale is finally ratified. The same rule applies to the interest of the infants as to that of the parties of full age. If it did not the interest would not remain real estate after the infant became of age. If it did, how long would it so remain? Would it be necessary in such case to transfer it by deed? I think there cannot be a doubt of the husband's right to the wife's distributive share of the proceeds of sale in this case." The order then directs the payment of the share in controversy to the surviving husband. The facts upon which this order is based appear in the opinion of this Court. Appeals were also taken from the decree for a sale and from the final order of ratification, but it appearing from the record that those appeals were not taken within the limit prescribed by law, they have not been considered by this Court, and the arguments relating thereto have not been reported.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*R. J. Bowie,* for the appellants :

The appellants contend, that the order of the 10th March 1859, directing the share of Virginia Plummer to be paid to Wm. T. Sellman, was erroneous.

1st. Because there was no conversion of the realty into personalty by the proceedings in this cause, as far as the minors were concerned. It is a principle of equity, that the Court will not change the nature of an infant's estate. 2 *Bland Ch. Rep.,* 509. 3 *Ib.,* 186.

The policy of the law is against it, *vide* 1816, ch. 154, secs. 5, 7, 8 and 9. The last clause declares the proceeds of sale shall be considered as real estate, and as such shall descend to the heirs or representatives of the infant, in the case of death without issue.

All the provisions of the Act to direct descents, were designed to protect the interests of minors, and nothing could

be more destructive, as a general rule, than the conversion of realty to personalty.

None of the cases decide that an infant's interest is converted from realty to personalty, upon the final ratification of the sale and compliance with the terms.

The *State vs. Krebs*, 6 *H. & J.*, 31: The proceeding was under the Act to direct descents, the mutation there was held to be complete, because the purchaser having given bond to complainant or State, the husband could sue alone.

But in *Leadenham's Ex'rs vs. Nicholson*, 1 *H. & J.*, 267, on a petition in chancery, husband and wife being parties for the sale of real estate for partition, of which the wife was one of the heirs, the sale was made and ratified, the wife died, and her husband also died without issue by his wife; there being no order or decree as to part of the proceeds, adjudging who was entitled thereto, it was held, that by the sale and ratification and passing of bonds for the purchase money, the lands were transmuted into an *equitable chose in action* of the *stirpes*, and as to that part of proceeds as to which no order of distribution had been passed at the husband's death, the husband's representatives had no claim, but that it belonged to the wife's representatives, if the decree had directed the proceeds to be paid to the husband and wife, or the husband alone; or if on ratification of the auditor's statement, the trustee had been directed to pay over accordingly, the representative of the husband would have been clearly entitled.

In the present case, the minor, Ann Virginia Plummer, was not a party to the proceeding in the mode required by law, having no guardian appointed by the Court to appear and defend her interests. Her husband, William T. Sellman, was not made a party to the cause, neither the decree or the auditor's report made her share of the proceeds payable to the husband and wife, or the husband alone, during the coverture; the auditor's report assigned the fund to Virginia Plummer, and was not ratified during the coverture. The husband did not attempt to reduce the *chose in*

*action* into possession during the life of his wife, he could not sue for it in a Court of law, and it was one of those equitable choses which he could only reach through a Court of Equity, which would have imposed terms. *Wiles vs. Wiles*, 3 Md. Rep., 6.

The Court below in deciding the question between the husband and heirs at law of Virginia Plummer, relied mainly, if not entirely, on the mutation from realty to personalty, and did not advert to the distinction between legal and equitable *choses in action*, which is the principle on which the case of *Leadenham's executors* turns, and which it is apprehended, not being overruled, must decide this case.

*A. Randall* and *A. B. Hagner*, for the appellee:

The matter submitted for the decision of this Court is, to whom does the share of the proceeds of sale which was the property of Ann Virginia Sellman belong, to her surviving husband the appellee, or to her surviving brothers and sisters the appellants. In support of the title of the appellee it will be only necessary to refer the Court to a few Maryland cases, viz: *Leadenham vs. Nicholson*, 1 H. & G., 367. *Hammond vs. Stier*, 2 G. & J., 81. *Dalrymple vs. Taneyhill*, 4 Md. Ch. Dec., 171. *Manship vs. Evitts*, 2 Md. Ch. Dec., 366. *State vs. Krebs.*, 6 H. & J., 21. *Stevens vs. Richardson*, 6 H. & J., 156. *Jarrett's Lessee, vs. Cooley*, Id., 258, and *Hart vs. Fisher*, 1 H. & G., 88. These cases support the proposition that the bill having been filed for partition of the real estate, under the Act to direct descents, among the heirs at law of William Plummer, decree passed and sale made and finally ratified and confirmed, there is a conversion of the real estate into personalty, and the proceeds are to be disposed of as personalty. The second case referred to, 2 G. & J., 81, was precisely this case. There were both minors and married women in that case. The wife died there even at an earlier stage of the proceedings than in this, before the auditor

had stated and reported the account, and yet the Court held, that surviving husband was entitled, the mutation to personalty having taken place by the final ratification of the sale.

GOLDSBOROUGH, J., delivered the opinion of this Court:

The appeal in this case was taken from the order of the Circuit Court for Montgomery County, directing the distributive share of Ann Virginia Plummer, in her father's real estate, to be paid to her surviving husband, William T. Sellman. This appeal was taken not only from the above order, but also from all previous proceedings, that is the decree directing the sale as made by the trustee, and the final ratification thereof.

It will be seen by reference to the dates set out in the record, that this appeal was made too late to affect either the decree or ratification of sale.

The decree was passed on the fourth day of August 1857, the sale was finally ratified on the first of March 1858, and the appeal was taken on the 11th day of March 1859. William T. Sellman intermarried with Ann Virginia Plummer, in April 1858, and she died in September following, the cause being then in the auditor's hands to be audited. The appellants, on the report of the auditor being filed, assigning to Ann Virginia Plummer her distributive share, filed their petition claiming this distributive share as her heirs at law, and William ;T. Sellman also filed his petition claiming the same as surviving husband of Ann Virginia. The Circuit Court passed its order on the 11th day of March 1859, directing the trustee to pay this share to Sellman, and this appeal was taken at the same term.

It being thus manifest that the appeal was taken more than nine months after the date of the decree and order of ratification of sale, they are not open for our consideration. We are therefore confined to the order of the Court disposing of the fund in controversy.

The case of *Hammond & others, vs. Stier,* 2 *G. & J.,* 80, is identical with the one under consideration, and the decision in that case is conclusive of this; the order of the Circuit Court must be affirmed.

*Order affirmed with cost to appellees.*

(Decided Dec. 15th, 1863.)